IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELISE A. CREECH,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

CASE NO. 2:12-cv-0591
JUDGE EDMUND A. SARGUS, JR
MAGISTRATE JUDGE E. A. PRESTON DEAVERS

## ORDER

This matter is before the Court for consideration of the objections filed by the Defendant, Commissioner of Social Security, to the Report and Recommendation issued by the Magistrate Judge[1] on July 25, 2013. For the reasons that follow, the objections are OVERRULED and the Report and Recommendation is ADOPTED as the ORDER of this Court.

## I.

Plaintiff filed her claim for disability benefits on October 3, 2008. Her claim was initially denied. She thereafter sought further review, which resulted in a hearing scheduled before an Administrative Law Judge on October 1, 2009. The Administrative Law Judge denied benefits based upon the Plaintiff's failure to appear. Following appeal, the Appeals Council remanded the case to the Administrative Law Judge. Thereafter, the Administrative Law Judge held a hearing and subsequently denied benefits on February 14, 2011. The Plaintiff thereafter appealed the case to this Court.

---

[1] Throughout the Defendant's objections, the Magistrate Judge is referred to as the "MJ." The Court finds this shorthand reference to a judicial officer to be disrespectful. In future filings by the Defendant, the full title of the Magistrate Judge shall be used.

## II.

The Magistrate Judge assigned to this case issued a Report and Recommendation recommending that the case be remanded to the Social Security Commissioner for further proceedings. Specifically, the Magistrate Judge concluded that the review and analysis conducted by the Administrative Law Judge was flawed insofar as the Plaintiff's diagnosed PTSD was not evaluated as to the limitations such condition places upon the Plaintiff's ability to perform gainful employment. The Magistrate Judge noted:

> Here, the ALJ failed even to mention Plaintiff's PTSD at all in his decision, despite its prevalence in the record. The record contains reports from seven examining sources bearing on Plaintiff's mental health. (R. at 283-92; 293-305; 344-52; 372-76; 397-407; 450-633.) Of those seven sources, three contain explicit diagnoses of PTSD. *See* R. at 288-89 (Netcare); 300 (North Centeral); 404-05 (Dr. Evans). Although two of the remaining three sources do not contain specific diagnoses of PTSD, they both reflect the physical, mental and sexual abuse that Plaintiff suffered in the past. [FN10] *See* R. at 346 (Dr. Yee noting reports that Plaintiff's parents mentally and physically abused her, on one occasion breaking her nose, and that her father molested her); 372 (Dr. Dubey noting reports of mental, sexual and physical abuse by a family member). This abuse was the basis from which at least one other examining source concluded that Plaintiff suffers from PTSD. *See* R. at 403 (Dr. Evans finding that the trauma of physical and sexual abuse as a child, as well as the experience of being raped as an adult, gave rise to Plaintiff's PTSD symptoms). [FN11] Consequently, PTSD, its symptoms and its potential causes are well-documented in the record, which, at minimum, renders PTSD worthy of mention in the ALJ's decision. Nevertheless, the decision lacks any indication that the ALJ considered this impairment at all. In failing to consider Plaintiff's impairment in assessing her RFC, the ALJ failed to comply with agency regulations, which warrants reversal. *Wilson*, 378 F.3d at 544.
>
> FN10: In addition, one of these opinions references a history of PTSD. *See* R. at 345 (Dr. Yee noting that Plaintiff underwent counseling as a child "secondary to 'PTSD'").
>
> FN11: The last of the seven sources to reference Plaintiff's mental health was her primary case physician, Dr. Dragash. Although his records contain neither a diagnoses of PTSD nor reports of the abuse Plaintiff suffered as a child and adult, his records consist of a template and contain little to no discussion of Plaintiff's

2

conditions, mental or otherwise. Indeed, one of the agency reviewing sources recognized the minimal probative value that these records offer. *See* R. at 426. ("Unfortunately, office notes [of Dr. Dragash] seems to be a template wi[th] little variation and no significant mental status information documented.").

*Report and Recommendation*, ECF No. 11.

### III.

In his objections, the Defendant contends that (a) the Plaintiff herself never mentioned PTSD in her application for benefits; (b) she never received treatment for PTSD; and (c) the Administrative Law Judge implicitly considered the condition in evaluating the medical evidence of record. The Court is unpersuaded by each argument.

First, the Plaintiff is in no position to self-diagnose. The fact that she did not mention PTSD in her application is of no moment, given that numerous medical providers specifically diagnosed the condition. What is uncontradicted in the record is

- Plaintiff suffered sexual violence as both a child and adult, having been raped by a family member;

- In addition to various physical impairments, the Plaintiff suffers from borderline personality disorder, depression, and polysubstance abuse in remission;

- Plaintiff is extremely isolated and avoids virtually all contact with other persons;

- She suffers from nightmares and intrusive memories;[2]

- She has a history of self destructive behavior, including attempts at suicide and cutting of herself.

---

[2]Despite the Defendant's contentions to the contrary, the Plaintiff has reported nightmares and intrusive memories as far back as 2004, as documented in the report from North Central Mental Health. (R. 296-301.)

3

All of the above findings have been documented by the medical providers of record. As noted by the Magistrate Judge, no fewer than three medical experts diagnosed PTSD. Further, the findings highlighted above include most, if not all, of the diagnostic criteria listed in the DSM-5 for a finding of PTSD.

The Magistrate Judge correctly determined that the Administrative Law Judge's failure to consider PTSD as an impairment is erroneous and is contrary to the procedure set forth in 20 C.F.R. § 404.1512(b) and § 1520(e). The finder of fact must consider all relevant, acceptable medical evidence, must review all impairments documented by the medical experts, and must consider all such impairments in determining the claimant's residual functional capacity. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

Given the repeated diagnosis of PTSD and an undisputed presence of the symptoms associated with the condition, the Magistrate judge was correct in recommending a remand of this case to the Commissioner.

### IV.

The Court has reviewed the Report and Recommendation of the Magistrate Judge, the objections of the Defendant, and the evidence of record. The Court **OVERRULES** the objections and adopts the thorough and well-reasoned Report and Recommendation.

The decision of the Commissioner is **REVERSED**. Pursuant to Section 405(g), Sentence Four, this case is **REMANDED** to the Commissioner for further proceedings.

9-13-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4